# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MANUEL G., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. ED CV 18-01670-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Manuel G. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I.  BACKGROUND

Plaintiff filed an application for DIB on April 22, 2014, alleging disability beginning August 10, 2012. See Dkt. 16, Administrative Record ("AR") 263-64, 305. After being denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). See

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

AR 133-34. A hearing was held on April 13, 2017, at which Plaintiff, an impartial medical expert ("ME"), and an impartial vocational expert ("VE") testified. See AR 60-98. A supplemental hearing was held on July 20, 2017, at which Plaintiff and an impartial VE testified. See AR 42-59. On August 10, 2017, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. See AR 20-34.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his onset date. See AR 25. The ALJ next found that Plaintiff had the severe impairments of "degenerative disc disease/spinal disorder of the lumbar and cervical spine, status post 2015 lumbar fusion; osteoarthritis/degenerative joint disease of the bilateral knees and the bilateral shoulders, status post arthroscopy of both knees; and obesity." AR 25-26. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except that he:

> is limited to lifting and/or carrying and/or pushing/pulling 20 pounds occasionally, 10 pounds frequently; can stand or walk on even surfaces only 2 hours in an 8-hour workday, but for no more than one continuous hour of standing and/or walking at any one stretch, with the use of knee braces; can sit for a combined 6 hours in an 8-hour workday, but for no more than one continuous hour of sitting at any one stretch; following one hour of continuous sitting, would need to reposition from sitting to standing for ten minutes while remaining on task and following one hour of continuous standing and/or walking, would need to reposition from standing to sitting for ten minutes while remaining on task; can never climb ladders, ropes, and scaffolds, kneel, and crawl; can rarely (defined as 1 hour of an 8-hour workday) balance and climb ramps and stairs; can occasionally crouch and stoop; can

occasionally reach overhead with the bilateral upper extremities; can frequently reach in all directions (other than overhead) with the bilateral upper extremities; and can have no exposure to vibrations, workplace hazards (including moving machinery and unprotected heights), extreme cold or extreme heat.

AR 28-29. The ALJ found that Plaintiff could not perform his past work, but could perform jobs existing in the national economy, including addresser (DOT 209.587-010), bonder (DOT 726.685-066), screener (DOT 726.684-110), election clerk (DOT 205.367-030), document preparer (DOT 249.567-018), and call out operator (DOT 327.367-014). See AR 32-34.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ properly considered the opinion of Plaintiff's treating physician, Dr. Brent Pratley. See Dkt. 20, Joint Submission ("JS") at 5.

### A. Physician Opinion and ALJ Reasoning

On March 6, 2014, Plaintiff saw Dr. Pratley for an orthopedic initial consultation in connection with a workers' compensation claim. See AR 547. Plaintiff complained of recurring headaches and sharp pain in the neck, shoulders, lower back, and knees. See AR 549-50. After reviewing Plaintiff's medical history and conducting a physical examination, Dr. Pratley diagnosed Plaintiff with right knee tear, left knee history of surgery with sequel, and stress. See AR 560. Dr. Pratley prescribed medication, referred Plaintiff to physical therapy, and requested an MRI of the bilateral knees. See AR 562-64.

Plaintiff underwent MRIs on March 21 and 28, 2014. See AR 582 (left knee), 583 (right knee). After reviewing the MRIs, Dr. Pratley again diagnosed

Plaintiff with right knee tear, left knee with history of surgery, and stress. See AR 572.² Plaintiff underwent several additional MRIs at Dr. Pratley's behest. See AR 591-92 (lumbar spine), 594-95 (cervical spine), 598-99 (right shoulder), 602-03 (left shoulder).

On October 2, 2014, Dr. Pratley completed a medical source statement form. See AR 611-12. He diagnosed Plaintiff with right knee tear, left knee arthroscopy (x2), bilateral shoulder tear, lumbar spine herniation, and cervical spine sprain/strain, and constant pain. See AR 611. Among other limitations, Dr. Pratley opined that Plaintiff could sit for 0-2 hours and stand/walk for 1 hour in an 8-hour workday, and needed to alternate between sitting and standing every 10-15 minutes. See id. He further opined that Plaintiff would need unscheduled breaks, walking breaks, reclining breaks, excessive restroom breaks, and leg elevation. See AR 612.

The ALJ assigned "moderate to little weight" to Dr. Pratley's opinion. See AR 31. The ALJ explained that while parts of Dr. Pratley's opinion were consistent with the record, "the limitations he suggests for sitting, standing, and walking are far in excess of what the claimant himself has admitted he is able to do." Id. Additionally, the ALJ found that Dr. Pratley's opinion regarding Plaintiff's need for breaks was "adequately addressed in the [RFC]," and his suggestion that Plaintiff would be absent from work three days or more each month was "speculative and not consistent with the record." Id.

**B.  Legal Standard**

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r SSA, 574 F.3d 685, 692 (9th Cir. 2009). "As a general rule, more weight should be given to the opinion of a treating source

---

² Plaintiff states he saw Dr. Pratley again on April 14, see JS at 6, but it appears that visit was with Dr. Satish Lal. See AR 574.

than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id.

"When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." Bray v. Comm'r of SSA (quoting Lester, 81 F.3d at 830). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citation omitted).

**C. Analysis**

Because Dr. Pratley's opinion was contradicted by the opinion of the ME, the ALJ needed to articulate "specific and legitimate" reasons for discounting his opinion, supported by substantial evidence in the record. The ALJ offered two.

First, the ALJ found that Dr. Pratley's sitting, standing, and walking limitations were inconsistent with Plaintiff's admissions about his capabilities. See AR 32. Such a conflict may justify rejecting a treating provider's opinion. See Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (considering an inconsistency between treating physician's opinion and claimant's daily activities a specific and legitimate reason to discount treating physician's opinion).

The ALJ reasonably determined that Plaintiff's statements describing his activities of daily living indicated that he was able to stand, walk, and sit to a greater degree than Dr. Pratley outlined. As noted above, Dr. Pratley opined that Plaintiff could sit for 0-2 hours and stand/walk for 1 hour total in an 8-

5

hour workday.³ See AR 611. But as the ALJ pointed out, Plaintiff reported doing several hours of walking at Disneyland with his family, doing water exercises at the gym, and, as of August 2016, regularly going to the gym. See AR 30 (citing AR 496, 947, 1373). Additionally, Plaintiff testified that he could drive for up to 2 hours at a time, "sit comfortably" for an hour, and walk for 200-300 yards before needing to sit down and rest. AR 82, 90-91. Although the Court is mindful that the Social Security Act does not require that claimants be "utterly incapacitated" to be eligible for benefits, Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), the inconsistency between Dr. Pratley's opinion and Plaintiff's statements constituted a specific and legitimate reason to discount his opinion.

Second, the ALJ found that Dr. Pratley's opinion that Plaintiff would be absent from work three days or more each month was speculative and inconsistent with the record. See AR 32. This finding is also supported by substantial evidence. Dr. Pratley's opinion consisted of a box checked on a standardized form and was not supported by any evidence or explanation. See AR 612. An ALJ "may 'permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'" Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (alterations and omission in original). Otherwise, nothing in the record suggests that Plaintiff would experience this level of absenteeism.

Plaintiff faults the ALJ's RFC for not including Dr. Pratley's limitations about Plaintiff's need for breaks. But the ALJ required that Plaintiff receive 10

---

³ At the hearing, the ME expressed his dissatisfaction with Dr. Pratley's standing, walking, and sitting limitations: "[Dr. Pratley] basically states the Claimant can only sit for zero to two hours a day, and stand and walk for one hour a day. I'm confused as to if that means that he could only perform postural activities for three hours a day, what's the Claimant doing for the rest of the time? It just didn't make sense to me." AR 74.

minutes to reposition after an hour of sitting, standing, or walking, see AR 28-29, a limitation that encompasses at least to some degree Dr. Pratley's concerns. In any event, it is the ALJ's province to synthesize the medical evidence. See Lingenfelter v. Astrue, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."). As explained above, the ALJ offered two specific and legitimate reasons for discounting Dr. Pratley's opinion. Consequently, the ALJ was permitted to credit the ME's opinion with respect to breaks over that of Dr. Pratley's. Remand is accordingly not warranted on Plaintiff's sole claim of error.

## III. CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: October 25, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge